**UNITED STATES DISTRICT COURT**

**CENTRAL DISTRICT OF CALIFORNIA**

| | | |
|---|---|---|
| LAMONT D. WILLIAMS, | ) | NO. ED CV 18-2002-JAK(E) |
| | ) | |
| Petitioner, | ) | |
| | ) | |
| v. | ) | ORDER OF DISMISSAL |
| | ) | |
| PBSP/WARDEN, | ) | |
| | ) | |
| Respondent. | ) | |
| _____ | ) | |

On September 19, 2018, Petitioner filed a "Petition for Writ of Habeas Corpus by a Person in State Custody." The Petition challenges a 2015 Riverside Superior Court "conviction and/or sentence" (Petition at 2). Petitioner previously challenged this same 2015 Superior Court proceeding in a prior habeas corpus petition filed in this Court. See Williams v. PBSP/Warden, CV 18-0173-JAK(E). On May 2, 2018, this Court entered Judgment in Williams v. PBSP/Warden, CV 18-0173-JAK(E), denying and dismissing the prior petition with prejudice.

The Court must dismiss the present Petition in accordance with 28 U.S.C. section 2244(b) (as amended by the "Antiterrorism and

Effective Death Penalty Act of 1996"). Section 2244(b) requires that a petitioner seeking to file a "second or successive" habeas petition first obtain authorization from the Court of Appeals. See Burton v. Stewart, 549 U.S. 147, 157 (2007) (where petitioner did not receive authorization from Court of Appeals before filing second or successive petition, "the District Court was without jurisdiction to entertain [the petition]"); Barapind v. Reno, 225 F.3d 1100, 1111 (9th Cir. 2000) ("the prior-appellate-review mechanism set forth in § 2244(b) requires the permission of the court of appeals before 'a second or successive habeas application under § 2254' may be commenced"). A petition need not be repetitive to be "second or successive," within the meaning of 28 U.S.C. section 2244(b). See, e.g., Thompson v. Calderon, 151 F.3d 918, 920-21 (9th Cir.), cert. denied, 524 U.S. 965 (1998); Calbert v. Marshall, 2008 WL 649798, at *2-4 (C.D. Cal. Mar. 6, 2008). Petitioner evidently has not yet obtained authorization from the Ninth Circuit Court of Appeals.[1] Consequently, this Court cannot entertain the present Petition. See Burton v. Stewart, 549 U.S. at 157; see also Remsen v. Att'y Gen. of Calif., 471 Fed. App'x 571, 571 (9th Cir. 2012) (if a petitioner fails to obtain authorization from the Court of Appeals to file a second or successive petition, "the district court lacks jurisdiction to consider the petition and should dismiss it.") (citation omitted).

///

---

[1] The docket for the United States Court of Appeals for the Ninth Circuit, available on the Pacer database at www.pacer.gov does not reflect that anyone named Lamont D. Williams has received authorization to file a second or successive petition. See Mir v. Little Company of Mary Hosp., 844 F.2d 646, 649 (9th Cir. 1988) (court may take judicial notice of court records).

2

For all of the foregoing reasons, the Petition is denied and dismissed without prejudice.[2]


LET JUDGMENT BE ENTERED ACCORDINGLY.


DATED: September 25, 2018.


_____
JOHN A. KRONSTADT
UNITED STATES DISTRICT JUDGE




PRESENTED this 21st day

of September, 2018, by:


_____
            /s/
CHARLES F. EICK
UNITED STATES MAGISTRATE JUDGE

---

[2] Ninth Circuit Rule 22-3(a) provides that "if a second or successive petition . . . is mistakenly submitted to the district court, the district court shall refer it to the court of appeals." Assuming arguendo that the conflict between 28 U.S.C. section 2244(b) and Rule 22-3(a) does not invalidate the latter, dismissal rather than "reference" still would be appropriate herein. It is apparent that Petitioner submitted the present Petition to this Court intentionally rather than mistakenly.